IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**MARLIN McCLAIN,**

    **Petitioner,**

v.                                          Case No. 2:04-cv-01130

**THOMAS MCBRIDE, Warden,**
**Mount Olive Correctional Complex,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 19, 2004, Petitioner, who is incarcerated at the Mount Olive Correctional Complex in Mount Olive, West Virginia, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket sheet document # 1). Pending is Respondent's Motion to Dismiss Petition as Untimely Filed (# 4), which was filed on December 3, 2004. This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**PROCEDURAL HISTORY**

During the June 1997 Term, Petitioner was indicted by a Jackson County Grand Jury on one count of murder (Case No. 97-F-21). (# 4, Ex. 1). On December 17, 1997, following a jury trial, Petitioner was found guilty of murder in the first degree, with no recommendation of mercy. (Id., Ex 2). By Order entered January

26, 1998, Petitioner was sentenced to life in the penitentiary without the possibility of parole.  (Id., Ex. 3).

On October 14, 1998, Petitioner, by counsel, filed a Petition for Appeal to the Supreme Court of Appeals of West Virginia (the "SCAWV") (Case No. 982730).  (Id., Ex. 4).  On February 16, 1999, the SCAWV refused the Petition for Appeal.  (Id.)  Petitioner did not file a Petition for Writ of Certiorari in the Supreme Court of the United States.  Thus, Petitioner's judgment became final on or about May 17, 1999.

On May 11, 1999, Petitioner, by counsel, filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Jackson County (Case No. 99-C-49).  (Id., Ex. 5).  Following an omnibus hearing conducted on April 22, 2002, the Circuit Court addressed the merits of Petitioner's claims and denied the petition on November 7, 2002. (Id., Ex. 6).

On April 22, 2003, Petitioner, by counsel, filed a Petition for Appeal from the denial of his Jackson County habeas petition in the SCAWV. (Id., Ex. 7).  On September 10, 2003, the SCAWV refused the Petition for Appeal.  (Id.)  Petitioner then filed the instant section 2254 petition on October 19, 2004.  (# 1).

On December 3, 2004, Respondent filed a Motion to Dismiss Petition as Untimely Filed.  (# 4).  On December 8, 2004, the undersigned entered a Notice and Order advising Petitioner of his right to respond to Respondent's motion on or before January 4,

2005. On December 30, 2004, Petitioner filed several documents, including a "Motion for Enlargement of Time for a Writ of Certiorari," which was docketed in the Clerk's Office as a "Motion for Enlargement of Time to file a Reply to Respondent's Consolidated 'Motion to Hold Federal Habeas Corpus Petition' in Abeyance"[1] (# 6). Petitioner was granted an extension of time to respond to Respondent's Motion to Dismiss until March 21, 2005. (# 9).

On January 19, 2005, Petitioner filed a letter-form "Corrections to the previous motions filed" (# 10), in which Petitioner stated:

> Petitioner's main purpose for Writ of Certiorari was [to] show that his time to file Writ of Federal Habeas Corpus to the United States Southern District, Charleston Division per AEDPA's is in a timely stage due to Statute Laws: (1) Clay v. U.S. 537 U.S. 522 (2003); (2) Tesack v. Trent 22 F. Supp. 2d 540.
>
> Petitioner was totally naive of any filing statute law, due to his being illiterate to the above law (AEDPA) and his not having an attorney appointed to proceed with the lawful issues of his case. Although, it is his Constitutional rights to have an attorney at all stages of his case.

(# 10). The undersigned will treat this document as Petitioner's response to Respondent's Motion to Dismiss. Respondent did not

---

[1] There was some confusion concerning this documentation filed by Petitioner. It appears that part of the documentation submitted by Petitioner concerned a motion to hold a petition in abeyance that had been filed in another inmate's case, and has no relation to this case. The undersigned treated the document as a motion for extension of time to respond to Respondent's Motion to Dismiss. (See Order entered on January 5, 2005, # 9).

file a reply. The matter is ripe for determination.

## ANALYSIS

On April 24, 1996, a one-year limitation for filing of Federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent's Motion to Dismiss asserts that the statute of limitations for filing a section 2254 petition concerning Petitioner's conviction began to run on May 18, 1999, the day after Petitioner's judgment became final on direct review. (# 4 at 5). However, Petitioner filed his petition for a writ of habeas corpus

in the Circuit Court of Logan County on May 11, 1999, prior to the judgment becoming final. Thus, the one-year statute of limitations was tolled throughout the time during which Petitioner's habeas corpus petitions were pending in the State courts.

Respondent contends that the statute of limitations was tolled until September 10, 2003, when Petitioner's State habeas appeal was denied by the SCAWV. (Id. at 6). Respondent further contends that the statute of limitations began to run on September 11, 2003 and ran continuously and uninterrupted until it expired on or about September 10, 2004. (Id.) Therefore, Respondent contends that Petitioner's section 2254 petition filed on October 19, 2004 was untimely under 28 U.S.C. § 2244(d)(1). (Id.) The undersigned agrees.

Petitioner's response indicates that he was not aware of the one-year limitation for filing his Federal habeas petition, and that he did not have counsel appointed to assist him. (# 10).

The undersigned construes Petitioner's contention as a request for equitable tolling of the statute of limitations based upon Petitioner's pro se status and his apparent ignorance of the law. This argument lacks merit. First, there is no right to appointment of counsel in a civil case such as a habeas corpus proceeding. Moreover, the one-year limitations period under the AEDPA may be equitably tolled only because of wrongful conduct on the part of the respondent or where "extraordinary circumstances beyond [the

5

petitioner's] control made it impossible to file the claims on time." Harris v. Hutchison, 209 F.3d 325, 329-330 (4th Cir. 2000); see also Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

It is clear that ignorance of the law, or the lack of appointment of counsel are not "extraordinary circumstances" sufficient to equitably toll the statute of limitations. See, *e.g.*, United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(pro se status and ignorance of the law does not justify equitable tolling; Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)(refusing to apply equitable tolling where the delay in filing was the result of a plaintiff's unfamiliarity with the legal process or his lack of legal representation); United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993)(pro se status, illiteracy, deafness, and lack of legal training are not external factors sufficient to excuse or extend limitations period); Fisher, *supra*, 174 F.3d at 714 ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing").

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's section 2254 petition is untimely, and that Petitioner is not entitled to equitable tolling of the limitation period. Thus, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss Petition as Untimely Filed (# 4) and

dismiss this matter with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party, Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

    June 10, 2005
         Date

Mary E. Stanley
United States Magistrate Judge