UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**MARLIN MCCLAIN**

    Petitioner

v.   Civil Action No.: 2:04-1130

**THOMAS MCBRIDE, Warden,**
Mount Olive Correctional Complex

    Respondent

## MEMORANDUM ORDER AND OPINION

Pending before the court are the Rule 72(b) objections, filed June 16, 2005, of the petitioner Marlin McClain to the proposed findings and recommendation of United States Magistrate Judge Mary E. Stanley, issued June 10, 2005.

I.

The petitioner Marlin McClain was indicted by a Jackson County Grand Jury during the June 1997 Term on one count of murder. Following a jury trial, petitioner, on December 17, 1997, was found guilty of murder in the first degree with no recommendation of mercy and sentenced to life without the possibility of parole on January 26, 1998.

An appeal to the Supreme Court of Appeals of West

Virginia was filed by petitioner's trial counsel on October 14, 1998, and thereafter the appeal was refused on February 16, 1999. No appeal was taken to the United Supreme Court of Appeals and judgment became final on May 17, 1999.

On May 11, 1999, petitioner, by his habeas counsel, filed a Writ of Habeas Corpus in the Circuit Court of Jackson County and an omnibus hearing on that writ was conducted on April 22, 2002.[1] On November 7, 2002, the circuit court denied the writ. An appeal was taken to the West Virginia Supreme Court of Appeals on April 22, 2003, and refused by that court on September 10, 2003.

On October 19, 2004, petitioner filed the pending section 2254 petition, claiming ineffective assistance of trial counsel. The respondent filed a motion to dismiss, asserting that the petition was untimely under 28 U.S.C. § 2244(d) which provides, in relevant part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[1] According to his petition, petitioner was represented at trial and on appeal by Walter Wagner. He was represented in the course of his state habeas proceeding by Teresa Monk and Jack Hickok. His claim of ineffective counsel concerns Wagner's actions in preparing and putting on his defense at trial.

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id.

The magistrate judge found that petitioner's judgment became final on May 17, 1999, and was tolled while petitioner's state habeas corpus petition was pending.  Inasmuch as that state habeas petition was refused on September 10, 2003, by the West Virginia Supreme Court of Appeals and the section 2254 petition was not filed until October 19, 2004, the magistrate judge concluded that the filing of the petitioner's section 2254 petition was untimely.  Construing petitioner's challenges to the application of the one-year limitation as a request for equitable tolling, she determined that neither the lack of counsel to assist with his section 2254 petition nor petitioner's apparent ignorance of the law was an appropriate basis to toll the statute.

Petitioner objects, contending that he was entitled to counsel for purposes of filing a section 2254 petition.  This contention was appropriately disposed of by the magistrate judge.

3

Proposed Findings at p. 5; see also Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003) (noting that there is no constitutional right to counsel in a federal habeas proceeding).

Petitioner makes the further objection, not raised before the magistrate judge, that he filed a letter with the Clerk of this court on or about July 21, 2004. The entirety of this further objection is stated by him as follows:

> 1. IN JULY 21 2004 I filed a letter with TERESA L. DEPPNER, CLERK U.S. DISTRICT & BANKRUPTCY COURTS SOUTHERN DISTRICT OF WEST VIRGINIA WITH THE ASKING TO FILE A HABEAS CORPUS PURSUANT to 28 U.S.C.§ 2254.ENTERED JULY 21 2004 . FILED 10/19/04.

Pl.'s Objs. at ¶ 1 (same as original). A copy of the letter referred to by him is not attached to his objections. Neither is a copy of the letter found elsewhere in the record of this case.

It appears that the petitioner contends that this claimed correspondence of July 21, 2004, should equitably toll the one-year limitation period. Even assuming that this correspondence was sent to and received by the Clerk's office, it only serves to establish that his intention to file a section 2254 petition had been communicated to the Clerk's office in July 2004. Petitioner does not claim that the July 21, 2004, letter was his petition. As he seems to acknowledge in the excerpt quoted above, the petition was not filed until October 19, 2004.

4

For the one-year limitation to be equitably tolled, petitioner must demonstrate some wrongful conduct on the part of the state or some extraordinary circumstances beyond his control making it impossible to file on time. <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000). The extraordinary circumstances test "requires the petitioner to present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." <u>Rouse</u>, 339 F.3d at 251.

Prisoners' letters to the Clerk concerning their confinement are commonplace and hardly an extraordinary circumstance. Petitioner does not allege that the Clerk unilaterally extended the time to file his section 2254 petition. Such an extension of course would be beyond the scope of the Clerk's authority to grant. Moreover, there is no allegation that the Clerk or anyone else prevented petitioner from filing in a timely manner. Rather, the only allegation as to why the petition was untimely concerns the petitioner's own lack of knowledge about the law. As the magistrate judge aptly found, ignorance of the law is not sufficient to toll the one-year limitation period.

Plaintiff also proffers evidence that goes to the

merits of his petition. However, the Fourth Circuit has held that the nature and strength of a petitioner's claim is not an appropriate consideration in the equitable tolling analysis. <u>Rouse</u>, 339 F.3d at 251-22. Whether petitioner's claim of ineffective counsel has merit is not a permissible consideration for equitable tolling. The court finds that petitioner has not set forth a sufficient basis to equitably toll the one-year limitation period.

## II.

For the reasons stated, and having reviewed the record <u>de</u> <u>novo</u>, the court adopts the magistrate judge's Proposed Findings and Recommendation in their entirety. The court concludes that petitioner's section 2254 is untimely and petitioner is not entitled to equitable tolling of the limitation period.

It is accordingly ORDERED that the respondent's motion to dismiss the petition as untimely filed be, and it hereby is, granted. It is further ORDERED that petitioner's section 2254 be, and it hereby is, dismissed with prejudice.

The Clerk is directed to forward copies of this written opinion to petitioner Marlin McClain, all counsel of record and the United States Magistrate Judge.

DATED: July 11, 2005

John T. Copenhaver, Jr.
United States District Judge